[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is this summary process action is the owner of a condominium unit which she has leased to the defendants. She caused a notice to quit alleging nonpayment of rent to be served on December 18, 1996; the summons and complaint, which alleged nonpayment for the month of December, 1996, was served on December 31, 1996. The hearing was held on March 5, 1997.
The lease was entered into on approximately November 1, 1996. In lieu of the security deposit, it was agreed that the defendants, who are in the flooring business, would replace the kitchen floor; this modification was specifically made on the lease form and the change was initialed by the parties. Payment for November's rent, in the amount of $695.00, was made in a timely manner. No other rental payment has been made.
The defendants have suggested a number of reasons for not paying the rent. The first is that an agreement was made to the effect that the defendants would replace some carpeting and replace some bathroom tiles in exchange for a month and a half of rent. The plaintiff agrees that some proposals along those lines were discussed, but steadfastly denies entering into any such agreement. In light of all the evidence adduced on this claim, I find it not persuasive.
The defendants also claim that the existing carpeting was infested with fleas, and later silverfish, and that this shortcoming ought to excuse the payment of rent. There is some inherent uncertainty concerning this claim, as the plaintiff, who occupied the premises immediately previously to the defendants, had a dog and the defendants, the current possessors, have two dogs. Both claim that their dogs wouldn't seem to be responsible for the problem. As I find that the condition is not one which presents a substantial and material risk to the health or safety of the defendants, though it may well be annoying, I do not find that it constitutes a defense to the action for nonpayment of rent.
The defendants also claim that a discrepancy between the CT Page 720 lease and the rules of the condominium association excuses payment of rent. As noted above, the lease specifically provides for and allows two dogs. As it turns out, the rules of the condominium association allow only one dog per unit. The defendant testified that she and her husband, who was not able to be present at the hearing, would not have rented the unit if two dogs were not allowed. The plaintiff testified that she had been under the impression that two dogs were allowed, as she knew of several people in the association who had more than one dog, but she agrees that she was mistaken as to the actual rule.
There was credible evidence presented that the rule was not enforced by the association. Indeed, the defendant herself testified that once when she was walking both dogs together, the president of the condominium association approached her and told her that having two dogs was against the rules. She did not try to enforce the rule, however; she only told her to "be careful."
If the eviction were sought on a ground that had anything to do with dogs, the issue might be somewhat troublesome. The ground for the eviction is nonpayment, however, and there was no evidence that any effort was being made to enforce the association's dog rule. Especially because the lease contains a severability clause, the fact that the association's rule conceivably could, at some indefinite time in the future, cause some consternation is not a defense which would excuse nonpayment.[1] While it may be true that, had an effort been made to enforce the association's dog rule, some relief perhaps would be extended to the defendants. In the present posture, the issue is academic.
The court has reviewed the other claims[2] and finds them to be of no help to the defendants. Judgment may enter for the plaintiff.
Beach, J.